IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILSON, : | CIVIL CASE |
|     Plaintiff, : | |
|         v. : | |
| : | |
| SHUPP, et al., : | |
|     Defendants. : | NO. 11-3238 |

## MEMORANDUM RE: DEFENDANT WAGNER'S MOTION TO DISMISS

**Baylson, J.**                                                                                                     **April 15, 2014**

### I.     Introduction

Plaintiff, Hakeem Wilson, a prisoner in the Berks County Prison System, filed the present action, alleging deliberate indifference by Defendants, Dennis Shupp and George Wagner, in violation of his Eighth Amendment rights. For the following reasons, this Court will grant Wagner's Motion to Dismiss without prejudice and grants Plaintiff leave to amend his Complaint.

### II.    Procedural History

On May 23, 2011, Hakeem Wilson, pro se Plaintiff, filed a Complaint against Defendants, Dennis Shupp and Warden George Wagner.[1]  ECF 3.

On July 12, 2011, Defendant Shupp filed an Answer to the Complaint. ECF 10. On July 22, 2011, Defendant Wagner filed a Motion to Dismiss. ECF 22. Plaintiff filed a Response to Wagner's Motion to Dismiss on September 8, 2011, indicating that he had not received a copy of the Motion to Dismiss. ECF 13. On September 14, 2011, and in consideration of Plaintiff's assertion that he had not received a copy of the Motion to Dismiss, this Court granted Plaintiff 30 additional days to file a response. ECF 14.

---

[1] On May 20, 2011 this Court granted Plaintiff's Application to Proceed In Forma Pauperis. ECF 1.

On October 19, 2011, Plaintiff filed a Petition for Appointment of Counsel. On November 2, 2011, this Court transferred the action to the civil suspense file pending appointment of counsel (ECF 16) and referred the action to the Prisoner Civil Rights Panel in an attempt to locate counsel for Plaintiff (ECF 17).

On January 13, 2014, this Court appointed Plaintiff counsel and removed the action from civil suspense. ECF 24. On March 28, 2014, Plaintiff filed a Response in Opposition to Wagner's Motion to Dismiss. ECF 32.

### III. Factual Background and Parties' Contentions

Plaintiff's Complaint alleges the following facts. On April 2, 2011, after an altercation among several inmates, Corrections Officer O'Brien issued a verbal order for everyone to lay down on the floor with their hands and legs crossed. ECF 3 at 4. Plaintiff was then handcuffed. Id. At that point, Defendant stomped, with all of his weight, on the side of Plaintiff's neck. Id. Defendant Wagner, as the Warden of the prison, continually allowed such behavior from the corrections officers even after being notified of such. Id.

Plaintiff seeks compensation from each Defendant for his emotional distress, humiliation, mental anguish, loss of enjoyment of life due to loss of sleep, and any future medical costs for his injured neck. Id. at 5. Plaintiff further requests a court order for the District Attorney to file criminal charge(s) against Defendant Shupp. Id.

We construe the present lawsuit as a § 1983 action for an alleged violation of Plaintiff's Eighth Amendment rights.

Defendant Wagner moved to dismiss Plaintiff's Complaint because it fails to plead allegations showing that Wagner was personally involved in or knowingly acquiesced to the alleged unconstitutional conduct. ECF 11 (Def.'s Mot. to Dismiss) at 5. Wagner also argues, in a footnote, that the Plaintiff also fails to meet his burden to show any violation by Wager in his

2

official capacity, since Plaintiff's Complaint does not identify a challenged policy or demonstrate a causal link between any alleged policy and the injury suffered. Id. at 5 n.1.

In his Response, Plaintiff argues that his allegation that Wagner continuously allowed corrections officers to harm inmates satisfies his burden at the pleadings stage. ECF 32-1 (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss) at 4. Plaintiff argues that the Complaint provides Wagner with fair noticed of the claims against him and the allegations in support of those claims. Id. at 5. Specifically, Plaintiff argues that his Complaint alleges that Wagner knowingly acquiesced in corrections officers' assaults on inmates. Id. at 5-6. Further, Plaintiff argues that it is possible to infer an allegation that Wagner acted with deliberate indifference from the allegation that he continued to allow such behavior to occur. Id. at 6. Finally, Plaintiff asks this Court for leave to amend the Complaint should it find the Complaint deficient.

### IV. Legal Standard

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). The court will "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [Plaintiff]." Philips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957), abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). In Twombly, the Court announced that a complaint must plead facts sufficient "to raise a right to relief above the speculative level" to survive a motion to dismiss, which "requires more than labels and conclusions and a formulaic recitation of the elements of a cause

of action." Id. at 555. The Court, in Twombly, further explained that a complaint must provide "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court clarified that the heightened degree of fact pleading explicated in Twombly extends to all civil actions. Id. at 1953. After Iqbal, a district court deciding a Rule 12(b)(6) motion is required to conduct a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The court first "accept[s] all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11 (citing Iqbal, 556 U.S. at 677). Second, the court "determine[s] whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'possible claim for relief.'" Id. at 211 (citing Iqbal, 566 U.S. at 678).

A plaintiff's pro se, handwritten complaint "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)). A district court should also consider other pleadings to understand the nature and basis of pro se claims. Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002) (citing Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999)).

**V.     Discussion**

Plaintiff contends that the Complaint sufficiently provides fair notice of the constitutional claims against him and the grounds upon which the claims are based as required by Rule 8(a)(2). As Iqbal makes clear, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'" nor does a complaint suffice if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" 556 U.S. at 678 (quoting

Twombly, 550 U.S. at 555, 557) (alteration in original).  Here, Plaintiff's allegations against Wagner amount to a "threadbare recital[ ] of a cause of action's elements, supported by mere conclusory statements."  Id. at 663.  Thus, Plaintiff has failed to satisfy Rule 8.

However, in view of the fact that Plaintiff recently obtained counsel, Plaintiff will be granted leave to amend the complaint within 30 days.

## VI.   Conclusion

Defendant Wagner's Motion to Dismiss is GRANTED without prejudice, and Plaintiff is granted leave to amend the Complaint within 30 days.  An appropriate order follows.

O:\CIVIL 11\11-3238 wilson v. shupp\11cv3238.2014.4.8. MoL on MTD.docx